**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                    No. 25-CR-05123-WJ

JAIME RODRIGO GUAIRACAJA-CHAFLA,

      Defendant.

<u>**MEMORANDUM OPINION AND ORDER ON THE SENTENCING OF JAIME RODRIGO GUAIRACAJA-CHAFLA**</u>

THIS MATTER comes before the Court upon the sentencing of Defendant Jaime Rodrigo Guairacaja-Chafla.  The Defendant pled guilty without a written plea agreement to a single-count indictment charging him with illegally entering the United States after having been previously arrested and deported from the United States, subsequent to being convicted of an aggravated felony.  8 U.S.C. § 1326 (a)(1), (a)(2), (b)(2).  **Docs. 1, 17. The** Court held a sentencing hearing on May 27 and July 28, 2026.[1]

The United States seeks a sentence of 14 months, at the upper end of the advisory guidelines range, and the defense seeks a time-served sentence of approximately 10 months at the mid-low end of the range.  **Docs. 25, 30**.  After thorough consideration of the record, the parties' submissions[2] and the factors set forth in 18 U.S.C. § 3553(a), the Court determines that the

---

[1] At the first part of the hearing, on May 27, the undersigned judge notified counsel he was troubled by the seriousness of Defendant's prior criminal conduct in the United States and considering an upward variance.  The Court granted the United States' unopposed request to continue sentencing to allow time to file briefing and obtain additional documentation regarding the Defendant's criminal history.

[2] In accordance with the briefing schedule set by the Court [*see* **Doc. 24**], the United States submitted a sentencing memorandum on June 10, 2026.  **[Doc. 25]**.  The Defendant untimely filed a sentencing memorandum on July 22, 2026,  **[Doc. 30 (sealed)],** which the Court reviewed and considered before imposing sentence.

Defendant is significantly more culpable than the minerun of § 1326 defendants. Therefore, an upward variance from the advisory guidelines range is warranted.

## LEGAL STANDARD

The Court is required to impose a sentence that is sufficient but not greater than necessary to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). To achieve this goal, the Court must consider the seven factors set forth in § 3553(a). Section 3553(a) provides that the sentence should (i) account for "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) "reflect the seriousness of the offense and the need to promote respect for the law, and to provide just punishment for the offense"; (iii) "afford adequate deterrence to criminal conduct"; (iv) "protect the public from further crimes of the defendant"; and (v) "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(A)–(D). In making this determination, the Court considers "the kinds of sentences available"; the "kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; "any pertinent policy statement . . . issued by the Sentencing Commission"; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and, "the need to provide restitution to any victims of the offense." § 3553(a)(3)–(7).

## BACKGROUND

The United States seeks a sentence at the high-end of the guidelines range on the ground that the "Defendant has been undeterred by the laws of the United States requiring that he not illegally re-enter and the severity of this offense is impacted significantly by his criminal history." **Doc. 25**. The defense argues for a lower sentence, emphasizing that this reentry is the

Defendant's first immigration offense and the Defendant spent "many years" in the United States prior to removal during which he married a United States citizen, supported his children, worked and contributed to the community. **Doc. 30 (sealed) at 3.** The defense also argues that the ultimate sentence should offset the aggravating effect of his prior criminal offense, given that other § 1326 defendants who lack the Defendant's criminal history typically benefit from a fast-track plea agreement, and therefore, are subject to a lower guidelines range. *Id.* **at 3**.

The record does not indicate when the Defendant first entered the United States unlawfully. *See* **Doc. 30 (sealed) at 2** (indicating Defendant "lived in the United States for many years" prior to the instant offense). It does establish, however, that he was present in Minnesota by 2022, when he was arrested on charges of sexual abuse of a minor. ***See* PSR ¶¶ 5, 21.** In the narrative section regarding the offense, the undisputed Presentence Report states that Defendant reportedly had inappropriate sexual contact with an eight-year-old girl on two occasions. On the first occasion, the victim reported that "the defendant touched her breast and bit her ear." *Id.* **¶ 21**. The victim "attempted to run away; however, the defendant grabbed her tightly and put his hands down her shirt." *Id.* "The defendant then grabbed her vagina and her buttocks over her clothes for approximately one minute." *Id.* With respect to the second occasion, on which the Defendant "again touched her breast and grabbed her vaginal area over her clothes," the victim reported that the Defendant told her not to tell her mother about the incident and threatened to hurt her mother if she disobeyed. **PSR ¶ 21**. A jury convicted the Defendant of criminal sexual conduct in the second degree. *Id.*; *see* **Doc. 29-1 (sealed)**. The state court imposed a sentence of 36 months, suspended the sentence, and imposed 5 years' probation. *Id.* Defendant ultimately served six months in custody before being released on probation. *See* **Doc. 30 (sealed) at 3.**

Defendant was removed from the United States to Ecuador on April 29, 2025. Five

3

months later, while he was under a term of probation on the Minnesota offense, Defendant reentered the United States unlawfully on or around September 25, 2025. At the May 27, 2026 hearing, counsel for the United States indicated there is an outstanding warrant issued by the State of Minnesota for violating the terms of probation. ***See also* PSR ¶ 21**.

As stated on the record, the Court adopts the calculations of the United States Probation Office and finds that the Defendant's criminal history category is II and offense level is 10. A criminal history category of II and offense level of 10 yields a guidelines range of 8 to 14 months' imprisonment. Because Defendant reentered after committing an aggravated felony, a four-level enhancement was applied to the base offense level and the maximum statutory term of imprisonment is 20 years. 8 U.S.C. § 1326(b)(2); U.S.S.G. § 2L1.2(b)(2)(D).

## DISCUSSION

The defense tries to minimize the significance of the instant conduct, stating that this is the Defendant's first immigration offense and arguing that it is understandable that a former resident of the United States with family and community ties would want to reenter the country, albeit illegally. The Court is not persuaded that these circumstances counsel in favor of a lower sentence. Rather, the Court finds that the Defendant's conduct here is considerably more serious than a typical § 1326 violation. *See* § 3553(a)(1). Defendant chose to unlawfully return to the United States just five months after removal and while serving a term of probation for sexually abusing a minor. While the motivation of an individual who has spent time in the United States to return is understandable, the Court does not find that the Defendant's ties to this country make him less culpable than the average unlawful reentry defendant. Rather than demonstrating rehabilitation or respect for the law following a felony conviction, the Defendant committed the federal offense of illegal reentry, 8 U.S.C. § 1326(a)(1), (b)(2), while he remained under judicial supervision. The

4

Defendant's prior history and characteristics, therefore, counsel toward an above-guidelines range sentence.

The Court believes that a within-guideline sentence would not adequately promote respect for the law, reflect the seriousness of the offense and provide adequate deterrence. § 3553(a)(2)(A), (B). Defendant's decision to unlawfully reenter the United States only five months after being removed — and while under criminal supervision — shows that prior legal sanctions have failed to impress upon him the seriousness of complying with the law or deter him from committing further crimes. A within-guidelines sentence would therefore fail to promote respect for the law or provide adequate deterrence.

The Court also concludes that a longer sentence is necessary to protect the public. § 3553(a)(2)(C). The Defendant's prior conviction for sexually abusing a minor is a serious offense, and his decision to commit another crime while still under a term of probation raises substantial concerns regarding his willingness to comply with legal restraints imposed for the protection of the community. Probation represents an opportunity to demonstrate compliance. Instead, Defendant violated federal law. *See* Order and Judgment, *United States v. Almagro-Valdez*, No. 25-2139 (10th Cir. July 17, 2026) (Doc. 36-1) (an upward variance was substantively reasonable where the district court concluded that a within-guidelines range would not adequately "deter further criminal conduct and protect the public from future crimes committed by [the Defendant]" who unlawfully reentered after being convicted of a sex offense in the United States).

The Minnesota offense is the only prior offense recounted in the Presentence Report and accounts for the Defendant's criminal history score of two. **PSR ¶ 22.** Although that score captures the existence of the prior conviction, it does not fully reflect the significance of Defendant's decision to commit the instant offense while serving a term of probation for that

conviction.  The criminal history score also does not account for the fact that the Defendant committed the instant offense while under judicial supervision.  The Court therefore finds that Defendant's criminal history category understates the seriousness of his prior criminal conduct and characteristics and the need for deterrence.

The defense argues that the sentence should offset the aggravating effect of the Defendant's prior criminal conduct because his prior offense accounts for a four-level enhancement to his base offense level, USSG § 2L1.2(b)(2)(D), without which he would have been eligible for a fast-track plea agreement.  Defendant states that had he been eligible, such an agreement would have reduced his advisory guidelines range to 4 to 10 months.  **[Doc. 30 at 3]**.  But this argument improperly treats the Defendant's prior conviction as though it were an external penalty rather than a fact about the Defendant's history.  The enhancements set forth in § 2L1.2(b) account for an illegal entry defendant's prior serious convictions precisely because they reflect increased culpability and recidivism risk.  *See United States v. Osorto*, 995 F.3d 801, 821 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 470 (2021) (discussing how U.S.S.G. § 2L1.2(b)(2) and (3) arise from the Sentencing Commission's reasoned consideration of the increased "culpability, risk of recidivism, and [interest in] deterrence" of unlawful reentry offenders who have committed other crimes in the United States).  The fact that the same conviction also affected the Defendant's eligibility for a fast-track plea agreement does not make the resulting guidelines range, or sentence, unfair or create an unwarranted disparity.[3]  The Defendant is not being punished twice for the same crime; rather, the Defendant's advisory guidelines range results from reasoned policy determinations by the

---

[3] A defendant is not entitled to the benefit of a fast-track plea agreement merely because he commits a crime in a jurisdiction where fast-track plea agreements are utilized.  The Tenth Circuit rejected this principle when it stated that § 3353(a)(6) should not be construed to suggest that courts should "consider what the Guideline range would have been" had a fast-track plea agreement been available.  *United States v. Jarrillo-Luna*, 478 F.3d 1226, 1230–31 (10th Cir. 2007); *see also United States v. Perez-Chavez*, 422 F. Supp. 2d 1255, 1256–57 (D. Utah 2005) ("[N]othing in the Constitution prohibits different sentences resulting from fast-track programs, as these differences arise from prosecutorial discretion . . . .").

6

Sentencing Commission.

Although the Defendant's prior conduct is relevant insofar as it bears on the § 3553(a) factors, the Court does not base the variance solely on Defendant's prior conviction. *See United States v. Vazquez-Garcia*, 130 F.4th 891, 901 (10th Cir. 2025). Rather, it is the Defendant's decision to unlawfully reenter the United States a mere five months after removal and while actively serving a probationary sentence for criminal sexual conduct in the second degree that distinguishes the Defendant from the minerun of illegal reentry defendants. *See* Order and Judgment, *United States v. Romero-Mencia*, No. 24-2158 (10th Cir. Sept. 16, 2025) (Doc. 45-1) ("[I]t was not an abuse of discretion for the district court to consider, as a factor supporting an upward variance, Mr. Romero-Mencia's re-entry into the United States just three months after removal following convictions for sex crimes involving a child."). That conduct demonstrates an unusual disregard for judicial supervision, undermines respect for the law, indicates that prior sanctions have proven ineffective, and supports the need for a sentence that affords adequate deterrence and protects the public.

## ORDER

In accordance with 18 U.S.C. § 3553(a), the Court imposes a sentence of 33 months' imprisonment. Pursuant to § 3583(b)(2), Defendant shall serve a term of supervised release of three years. That term shall be unsupervised, the only condition being the defendant not return to the United States without legal permission, commit no local, state or federal crimes, and comply with United States immigration laws.[4] The Court recommends that Immigration and Customs Enforcement begin removal proceedings during the service of the sentence.

---

[4] If, for any reason, the Defendant is not deported, such term shall be supervised.

SO ORDERED.

_____/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE